Michael R. Mills
DORSEY & WHITNEY LLP
1031 W. 4th Avenue, Suite 600
Anchorage, AK 99501-5907
Phone: (907) 276-4557
Fax: (907) 276-4152
Email: mills.mike@dorsey.com

Attorneys for True Value Company

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re:<br><br>In re<br><br>OMNI ENTERPRISES, INC.,,<br><br>Debtor. | Case No. A15-00076 HAR<br><br>Chapter No. 7 |
| NACOLE M. JIPPING, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>TRUE VALUE COMPANY,<br><br>Defendant. | Adversary Proceeding No. 15-90021 |

## ANSWER

Defendant True Value Company ("True Value") hereby responds to Plaintiff's Complaint as follows:

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant states that the 2006 financing statement speaks for itself. On that basis, Defendant denies the allegations in paragraph 8.

9. Defendant admits that Defendant caused a UCC continuation statement to be filed, and further states that the continuation statement speaks for itself. Defendant denies the remaining allegations in paragraph 9.

10. Defendant admits that it filed a proof of claim in the bankruptcy case, and further states that the proof of claim speaks for itself. Defendant denies the remaining allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant admits that it received Check No. 3311 in the amount of $36,909.00. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 13 and, on that basis, denies the same.

14. Defendant admits that it received Check No. 4689 in the amount of $11,194.16. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 14 and, on that basis, denies the same.

15. Defendant admits that it received a cashier's check in the amount of

$373,583.28. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 15 and, on that basis, denies the same.

16. Defendant admits the allegations in paragraph 16.

**Count I – Determination of extent of security agreement or lien**

17. Defendant incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

18. The allegations in Paragraph 18 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

**Count II - Preference**

19. Defendant incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

20. The allegations in Paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

**AFFIRMATIVE DEFENSES**

The Defendant asserts the following affirmative defenses and reserves the right to assert additional defenses if their existence is later established through discovery.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Payments were a contemporaneous exchange for new value given to the Debtor.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Payments were a made in the ordinary course of business or financial affairs of the Debtor and the Defendant or made according to ordinary business terms.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Defendant gave new value to or for the benefit of the Debtor after the Payments.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Defendant holds a secured claim to Debtor's property, and thus, the payments do not constitute preferential payments under 11 USC § 547.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows;

A. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiffs take nothing thereby;

B. That Defendant be awarded the attorney's fees and costs it incurs in defending against this action; and

C. For all other relief the court deems equitable and just.

DATED this 23rd day of March, 2016, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Michael R. Mills
Michael R. Mills, ABA #8911074

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 23, 2016, I served a copy of the foregoing through the ECF system, or manually, as follows:

- Cabot C. Christianson – cabot@cclawyers.net

/s/ Michele Droege
Michele Droege